UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY CRILE, JR. and<br>ABIANA CRILE,<br><br>Plaintiffs,<br><br>v.<br><br>TERRAL RIVERSERVICE, INC.,<br>et al.<br><br>Defendants, | ) | Case No. 4:26 CV 762 RWS |

**MEMORANDUM AND ORDER**

Plaintiff Leroy Crile, Jr. (Crile) sustained an injury when he fell from a ladder while attempting to exit a barge. His wife, Abiana Crile, and he filed this suit seeking damages from Defendants relating to Crile's injury. Defendants Nucor Corporation (Nucor) and Nucor-Yamato Steel Company (NYS) have moved to dismiss this case based on a lack of personal jurisdiction. In the alternative, they request that this case be transferred to the United States District Court for the Eastern District of Arkansas. Because Nucor and NYS are not subject to personal jurisdiction in this Court I will transfer this case to the Eastern District of Arkansas.

***Background***

On May 1, 2022, Plaintiff Crile was hired by non-party OneSource Staffing, LLC and began training to become a crane operator. Crile received his training at the Barfield Cleaning Dock located on the Mississippi River in Blytheville, Arkansas. This facility provides barge cleaning operations. Plaintiffs allege that this facility is owned, operated, and/or controlled by Defendants. On his third day of training, Crile fell 17 feet from a ladder as he was attempting to exit a barge that he was cleaning. Crile alleges that he sustained severe bodily injuries from the fall. Plaintiffs brought this suit for damages alleging negligence, negligence per se, and premises liability claims against Defendants.

Plaintiffs assert that Defendants are subject to the jurisdiction of this Court because they employ or otherwise utilize residents of the State of Missouri to conduct their business and regularly conduct business with Missouri companies and individuals.

Defendants Nucor and NYS have moved to dismiss this case based on a lack of personal jurisdiction over them. In the alternative, they request that this case be transferred to the United States District Court for the Eastern District of Arkansas.

***Legal Standard***

To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), a plaintiff is only required to make a prima facie showing of

personal jurisdiction, that is, plaintiff must allege facts sufficient to support a "reasonable inference that the defendants can be subjected to jurisdiction within the state." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation and citation omitted). The "evidentiary showing required at the prima facie stage is minimal" and may be tested by the pleadings, affidavits, and exhibits in support and in opposition to the motion. Id. at 592 (internal citation and quotation omitted). The evidence is viewed in the light most favorable to the party invoking personal jurisdiction and all factual conflicts are resolved in favor of that party. Id. However, the party invoking a court's jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction. Fastpath, Inc. v. Arbela Techs. Corp., 760 F.3d 816, 820 (8th Cir. 2014).

There are two types of personal jurisdiction: general and specific. Bristol-Myers Squibb Co., 582 U.S. 255, 262 (2017). For an individual defendant the forum for the exercise of general, or all-purpose, jurisdiction is the individual's domicile. Id. The forum for the exercise of general jurisdiction over a corporation is the state of its place of incorporation or the location of its principal place of business. BNSF Ry. Co. v. Tyrrell, 581 U.S. 402, 413 (2017).

Specific, or "conduct-linked," jurisdiction involves suits arising out of or

related to the defendant's contacts with the forum. Bristol-Myers Squibb Co., 137 S.Ct. at 1780. "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Id. (cleaned up). See also Creative Calling Sols., Inc. v. LF Beauty Ltd., 799 F.3d 975, 979–80 (8th Cir. 2015) (Specific jurisdiction is proper "when a defendant has certain contacts with the forum State and the cause of action arises out of those contacts.").

Missouri courts may exercise specific jurisdiction over an out-of-state defendant if two requirements are met: 1) jurisdiction must be allowed by the Missouri long-arm statute; and 2) the reach of the long-arm statute must comport with due process. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 593 (8th Cir. 2011). Missouri's long-arm statute authorizes personal jurisdiction over defendants under several categories including over defendants who transact business or commit a tort within the state. Mo. Rev. Stat. § 506.500. The categories in the long-arm statute, such as transacting business or making a contract, are construed broadly "to provide for jurisdiction, within the specific categories enumerated in the statute, to the full extent permitted by the Due Process Clause." State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner, 677 S.W.2d

325, 327 (Mo. banc 1984).

Due process requires that a defendant have certain minimum contacts with the state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945). When assessing the sufficiency of a defendant's contacts, the court should examine five factors: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). Physical entry into a state "is certainly a relevant contact." Walden v. Fiore, 571 U.S. 277, 285 (2014). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir.2003).

***Discussion***

Plaintiffs assert that defendants Nucor and NYS are subject to personal jurisdiction in this District. Nucor is incorporated in Delaware and its corporate headquarters is in Charlotte, North Carolina. NYS is incorporated in Delaware and

its corporate headquarters is in Blytheville, Arkansas. As a result, neither of these defendants are subject to general jurisdiction in Missouri. BNSF Ry. Co., 581 U.S. at 413.

Nor are defendants Nucor and NYS subject to specific personal jurisdiction in Missouri for the injury Plaintiff Crile sustained while working in Arkansas. "Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011).

Although Missouri's long-arm statute extends jurisdiction to the limits of the Due Process Clause, it does so only for acts within its enumerated categories. The Missouri Supreme Court has held that the legislature intended the long-arm statute "to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment." Dairy Farmers, 702 F.3d 472, 475 (8th Cir. 2012). The Missouri Long-Arm Statute provides in relevant part:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:

> (1) The transaction of any business within this state;
> (2) The making of any contract within this state;
> (3) The commission of a tortious act within this state …

Mo. Rev. Stat. Section 506.500.1.

The long-arm statute limits jurisdiction to causes of action that arise from acts within the State of Missouri. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) ("Jurisdiction must be based on the act or conduct set forth in the statute ... and the cause of action must arise from the nonresident defendant's activities in Missouri.") (cleaned up).

Plaintiff Crite's injury arose from his fall from a ladder in a barge in Blytheville, Arkansas. His cause of action did not arise from any activity by Nucor or NYS in the State of Missouri. As a result, Missouri's long-arm statute does not provide a basis to invoke specific personal jurisdiction over Nucor and NYS.

In response to Nucor and NYS's motion to dismiss, Plaintiffs filed a motion to conduct limited jurisdictional discovery regarding these defendants' activities and contacts in Missouri. Such discovery would be unavailing. Regardless of Nucor and NYS's other contacts and activities in Missouri, they are not subject to general jurisdiction in this Court. Nor can Plaintiffs establish specific personal jurisdiction under Missouri's long-arm statute because Plaintiff Crite's injury did not arise from Nucor and NYS's activities in Missouri.

Based on foregoing, I find that the Court lacks personal jurisdiction over Defendants Nucor and NYS. However, rather than granting their motion to dismiss, I will transfer this matter, in the interest of justice, to the Eastern District of Arkansas under 28 U.S.C. § 1404(a) where the case could have been originally filed.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants Nucor Corporation and Nucor-Yamato Steel Company's motion to dismiss [13] is **DENIED** and their motion to transfer [13] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiffs' motion to conduct limited jurisdictional discovery [19] is **DENIED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall transfer this case to the United States District Court for the Eastern District of Arkansas under 28 U.S.C. § 1404(a).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2026.